**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 11 B 12108 |
| William Eugene Crosby and | ) | |
| Carolyn Shine Crosby, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Judge Donald R. Cassling (Geneva) |

To: See Attached Service List

## NOTICE OF ROUTINE MOTION

**PLEASE TAKE NOTICE** that on **February 28, 2014** at the hour of **10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge, or any other judge sitting in his place and stead, in Courtroom 240 of the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, and shall then and there present the attached the attached **Motion to Abandon Business Interests by Trustee**, a copy of which is hereby served upon you. You may appear if you so choose. **This matter is treated as a Routine Motion pursuant to Local Rule 9013-9.A(12). The Court may therefore grant the relief sought without presentation in open court and without a hearing.**

> Kathleen M. McGuire
> InnovaLaw, P.C.
> 1900 Ravinia Place
> Orland Park, IL 60462
> Tel.: (708) 675-1975
> Fax: (708) 675-1786

## CERTIFICATE OF SERVICE

I, Kathleen M. McGuire, an attorney, certify that I caused a copy of the attached Notice and Motion to be filed electronically with the Court and to be served on the parties on the attached service list by electronic mail, where indicated, or by first class mail by depositing same with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 p.m, this 6th day of February, 2014.

> _____/s/ Kathleen M. McGuire___

**In re Crosby, 11 B 12105**
**Service List**

Patrick S. Layng: USTPRegion11.ES.ECF@usdoj.gov
John A. Lipinsky: jlipinski@comananderson.com
Peter J. Schmidt: pschmidt@polsinelli.com
Jean Suh: jsuh@polsinelli.com


Via U.S. Mail

William and Caroline Crosby
305 N. Main St.
Glen Ellyn, IL  60137

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 11 B 12108 |
| William Eugene Crosby and ) | |
| Carolyn Shine Crosby, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | Judge Donald R. Cassling (Geneva) |

## MOTION TO ABANDON BUSINESS INTERESTS BY TRUSTEE

NOW COMES David E. Grochocinski, Trustee ("Movant" or the "Trustee") of the bankruptcy estates (collectively, the "Estate") of Debtors William Eugene Crosby and Carolyn Shine Crosby, by and through his attorneys, InnovaLaw, P.C., and for his motion to abandon the Estate's interests in certain business entities, states as follows:

1. The Debtors commenced this bankruptcy case by filing of a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 23, 2011 (the "Petition Date").

2. Movant is the duly appointed and acting Trustee of the Debtors' bankruptcy Estate.

3. In their bankruptcy Schedule A, the Debtors stated that they owned interests in the following real properties (the "Real Properties"): (i) 9419 S. Sangamon, Chicago, IL; (ii) 6951 S. Woodlawn, Chicago, IL; (iii) 3345 W. Walnut, Chicago, IL; and (iv) 3502 W. Lake, Chicago, IL.

4. The Debtors also reported on Schedule A that the 9419 S. Sangamon Residential Land Trust (the "Trust") held title to the property at that address, and that Metro Development Partners LLC ("Metro")[1] and S & C Partners ("S&C") held title to the other Real Properties.

5. In Schedule B, the Debtors reported that they owned 100% of the membership

---

[1] There is some confusion as to whether the correct name of this entity is Metro Development Corporation or Metro Development Partners, LLC. Hereafter, as appropriate, references to

interests in WIT Enterprises, LLC ("WIT"), that WIT owned 50% of the membership interests in Metro and S&C, and that WIT was 50% beneficiary of the Trust.

6. The Debtors also reported that they owned 100% of the interests in Social Media Systems, LLC ("Social Media"), and that Social Media owned a website.

7. The Debtors stated that the value of their interests in WIT, Metro and S&C was zero, and that the value of their interests in Social Media and the Trust was unknown.

8. The Trustee has subsequently reviewed 2010 and 2011 income tax returns for the Debtors, WIT, and S&C. The Debtors have informed the Trustee that the Trust has not filed tax returns for those years and that Metro filed no tax returns after 2010, when all Metro's properties were foreclosed or surrendered to the mortgagor through deeds of foreclosure.

9. Besides reviewing the tax information, the Trustee has reviewed information from www.zillow.com that supported the Debtors' estimates of the current values of the Real Properties owned by S&C and the Trust. That market information indicates that there is little or no equity in the Real Properties.

10. Based on his review of the tax returns and the information on the values of the Real Properties, the Trustee believes that that Debtors' membership interests in WIT, and their indirect interests through WIT in Metro, S&C and the Trust are of inconsequential value and benefit to the Estate.

11. The Trustee has also reviewed the 2011 income tax return for Social Media, a partnership wholly owned by the Debtors. According to the Social Media return and the Debtors' 2010 and 2011 tax returns, Social Media had a net income of $2,243.00 in 2010 and a net loss of $5,987.00, which is treated as income from self-employment. Because Social Media

---

"Metro" are to Metro Development Corporation or Metro Development Partners, LLC.

apparently has not generated a significant amount of income, the Trustee believes that liquidation of the partnership would be of inconsequential benefit to the Estate.

*Requested Relief*

12. Section 554(a) of the Bankruptcy Code provides that "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

13. Because he has concluded that each holding is of inconsequential value and benefit to the Estate, the Trustee seeks leave to abandon the Estate's interests in WIT and Social Media, as well as the Estate's indirect interests in Metro, S&C, the Trust and the Real Properties.

WHEREFORE, David E. Grochocinski, Trustee, prays that the Court grant the Trustee's motion to abandon the Estate's interests in the following properties and entities: (i) 9419 S. Sangamon, Chicago, IL; (ii) 6951 S. Woodlawn, Chicago, IL; (iii) 3345 W. Walnut, Chicago, IL; (iv) 3502 W. Lake, Chicago, IL; (v) the 9419 S. Sangamon Residential Land Trust; vi) WIT Enterprises, LLC; (vii) Metro Development Partners LLC; (viii) S & C Partners, LLC; and (ix) Social Media Systems, LLC.

        Respectfully submitted,
        David E. Grochocinski, Trustee


        By: /s/ Kathleen M. McGuire
            One of his attorneys

Kathleen M. McGuire
InnovaLaw, P.C.
1900 Ravinia Place
Orland Park IL  60462
Phone: (708) 675-1975
Fax:  (708) 675-1786